UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DARLENE F. HOMERE and                                       :
GERALD JEAN BAPTISTE,                                       :
                                                            :
                              Plaintiffs,                   :
                                                            :  ORDER
          -against-                                         :  17-CV-3173 (JFB) (AKT)
                                                            :
INCORPORATED VILLAGE OF HEMPSTEAD and                       :
STEPHANIE VALDER,                                           :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 22 2018 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiffs Darlene F. Homere and Gerald Jean Baptiste ("plaintiffs") bring this action against the Incorporated Village of Hempstead ("the Village") and Stephanie Valder ("Valder" and, with the Village, "defendants"). Plaintiffs allege that, from 2008 through 2017, the Village conspired with Valder and other individuals to harass plaintiffs and to deprive plaintiffs of residential property. The first amended complaint[1] appears to assert claims against the Village for (1) malicious prosecution; (2) malicious abuse of process; (3) double jeopardy; (4) violations of substantive due process; (5) conspiracy; and (6) fraud.[2] With respect to Valder, the complaint appears to assert claims for conspiracy and fraud. On August 14, 2017, the Village moved to dismiss the complaint. (ECF No. 22.) Shortly thereafter, on August 18, 2017, Valder moved to

---

[1] Plaintiffs filed the original complaint in this action on May 25, 2017. (ECF No. 1.) After defendants requested a pre-motion conference in anticipation of moving to dismiss the complaint, and the Court set a briefing schedule, plaintiffs moved to amend the complaint. (ECF Nos. 11-13.) Plaintiffs then filed an amended complaint on July 7, 2017, before defendants had submitted any opposition to the motion to amend or the Court had acted on the motion. (ECF No. 18.) On July 18, 2017, the Court granted plaintiffs' motion to amend *nunc pro tunc*. (ECF No. 21.)

[2] As Magistrate Judge Tomlinson correctly noted, although the complaint fails to invoke 18 U.S.C. § 1983, that statute provides the authority to bring these claims against the Village. The Court, like Magistrate Judge Tomlinson, will therefore review the complaint and R&R as though plaintiffs had invoked Section 1983.

dismiss the complaint as well. (ECF No. 23.) On October 18, 2017, the Court referred the motions to the Magistrate Judge Tomlinson. (ECF No. 28.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson advising the Court to dismiss the complaint. (ECF No. 30.) For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety. However, the Court will grant plaintiffs leave to amend the complaint.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety. As an initial matter, Magistrate Judge Tomlinson properly disregarded the materials attached to plaintiffs' oppositions to defendants' motions to dismiss, (R&R 10), and the Court likewise declines to consider those materials. To the extent those materials contain facts pertinent to successfully alleging claims against defendants, plaintiffs should incorporate those facts in their second amended complaint.[3]

### A. The Claims against the Village

As a threshold matter, Magistrate Judge Tomlinson correctly explained that, in order to state a claim against the Village, a municipal corporation, plaintiffs must allege (1) the existence of a municipal policy, practice, or custom (2) that caused the deprivation of their constitutional rights. (R&R 14-15.) Magistrate Judge Tomlinson concluded that plaintiffs have failed to allege either element. (R&R 16-20.) Plaintiffs object, and point to their allegations that "[t]he three main movers (Judge Brantley, Village Attorney DiSalvo, and Special Prosecutor Feinberg) of the Village of Hempstead have collaborated in what is stated in the Plaintiff's complaint." (Pls.' Obj. 8.) However, as correctly explained by Magistrate Judge Tomlinson, (R&R 16-20), such conclusory allegations are insufficient for this Court to conclude that it is plausible that a municipal policy, practice, or custom existed. Further, plaintiffs' objections fail to point to any factual allegations to support a plausible claim that the Village deprived them of their constitutional rights. Accordingly, the Court concludes that plaintiffs have failed to plausibly allege that the Village had

---

[3] Magistrate Judge Tomlinson also conducted a thorough analysis as to whether *Younger* abstention is appropriate here, and concluded that, because "the Court cannot determine with certainty from the Amended Complaint or motion papers whether an enforcement action remains pending against Plaintiffs in the Village Court" and because abstention is a "narrow exception to the generally broad duty on the part of federal courts to exercise jurisdiction," abstention was not warranted. (R&R 10-14.) The Court agrees.

a policy, practice, or custom that resulted in the deprivation of their constitutional rights, and dismisses the claims against the Village on that ground.

Magistrate Judge Tomlinson also determined that plaintiffs' claims suffer from additional pleading deficiencies. With respect to the malicious prosecution and abuse of process claims, Magistrate Judge Tomlinson concluded that the complaint failed to allege a lack of probable cause (for the malicious prosecution claim) or an excuse or justification (for the abuse of process claim). (R&R 20-21.) In objecting, plaintiffs point to an allegation that states, "Without probable cause – we were subjected to years of harassment by the Court." (Pls.' Obj. 11.) However, simply including the phrase "without probable cause" is insufficient, and plaintiffs cannot point to any factual allegations to support a plausible claim that there was a lack of probable cause or a lack of an excuse or justification. With respect to the malicious prosecution claim, Magistrate Judge Tomlinson further concluded that the complaint does not allege that the prosecution ended favorably to plaintiffs. In response, plaintiffs point to allegations that the charges against them were dismissed in April 2014. (Pls.' Obj. 10.) However, as plaintiffs point out in their objections (*id.*), the complaint also includes allegations that a trial on the charges against them "took place and ended on April 11, 2016 and as of today no decision has been received." Accordingly, the Court agrees with Magistrate Judge Tomlinson that the complaint fails to plausibly allege that the prosecution against plaintiffs ended favorably to plaintiffs.

With respect to plaintiffs' claims for double jeopardy violations, Magistrate Judge Tomlinson concluded that plaintiffs "have failed to plead facts that plausibly support the theory that they have been either acquitted or convicted of criminal charges in the Village Court, that they have been prosecuted a second time following any conviction or acquittal, or that they have suffered multiple punishments for the same offense." (R&R 22-23.) The Court agrees. Plaintiffs'

objections again fail to point to any factual allegations in the complaint that sufficiently allege double jeopardy violations.

As for the conspiracy claim against the Village, Magistrate Judge Tomlinson concluded that the claim should be dismissed because the supporting allegations are "entirely speculative and conclusory." (R&R 25.) The Court again agrees. Plaintiffs have failed to plausibly allege that there was any agreement between the Village and a private party to act in concert to inflict constitutional injury on plaintiffs. In their objections, plaintiffs point to the exact allegations that Magistrate Judge Tomlinson correctly found insufficient to establish a Section 1983 conspiracy claim. Accordingly, the conspiracy claim against the Village is dismissed.

Plaintiffs also appear to assert violations of their substantive due process rights. Magistrate Judge Tomlinson concluded that plaintiffs have failed to state a claim for substantive due process violations because the allegations, even taken as true, do not allege conduct that shocks the conscience. The Court agrees. Plaintiffs' objections are purely rhetorical, and fail to point to any allegations in the complaint. Accordingly, the Court dismisses the claims asserting violations of plaintiffs' substantive due process rights.

Finally, Magistrate Judge Tomlinson recommends that, to the extent plaintiffs assert state law claims against the Village, those claims should be dismissed for failure to serve a notice of claim. Plaintiffs' objections simply state that "Judge Tomlinson is wrong about Plaintiffs['] failure to file a Notice of Claim," but fail to establish that plaintiffs in fact served a notice of claim on the Village. Accordingly, to the extent plaintiffs attempt to allege state law claims against defendants, those claims are dismissed for failure to serve a notice of claim.

### B. Claims against Valder

As noted above, plaintiffs appear to assert claims for conspiracy and fraud against Valder. With respect to the conspiracy claim, Magistrate Judge Tomlinson correctly concluded that

5

plaintiffs have failed to allege that Valder conspired with the Village to inflict constitutional injuries on the plaintiffs. (R&R 27-28.) The Court agrees. In objecting, plaintiffs reassert arguments considered and correctly rejected by Magistrate Judge Tomlinson. In any event, the allegations upon which plaintiffs rely—for example, that Valder was the only stenographer assigned to their case (Pls.' Obj. 19-20)—fail to plausibly allege that Valder conspired with the Village to deprive plaintiffs of constitutional rights. Accordingly, the Court dismisses plaintiffs' conspiracy claim against Valder.

Finally, Magistrate Judge Tomlinson concluded that "[p]laintiffs have failed to allege facts sufficient to plausibly show any of the elements of common law fraud." (R&R 28-29.) The Court agrees. Plaintiffs' objections to this conclusion are largely irrelevant, and fail to point to any allegations supporting a claim for fraud against Valder. (Pls.' Obj. 20.) Accordingly, the Court dismisses the claim for fraud against Valder.

### III. Leave to Amend

Although plaintiffs have not requested leave to amend, the Court has considered whether plaintiffs should be given an opportunity to re-plead. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has emphasized that district courts should not dismiss *pro se* complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *E.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). In light of plaintiffs' *pro se* status, and because the Court is unable to determine at this juncture that

amendment would necessarily be futile, the Court grants plaintiffs leave to amend.[4]

## IV. Conclusion

For the foregoing reasons and the reasons set forth in the R&R, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned R&R in its entirety. Accordingly, the first amended complaint is dismissed. The Court grants plaintiffs leave to submit a second amended complaint, which must be filed within 45 days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

S(

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    March 22, 2018
             Central Islip, NY

---

[4] Although plaintiffs have already amended the complaint, the first amended complaint was filed prior to any decision by the Court identifying the pleading defects. Thus, in its discretion, the Court concludes that, now having notice of the pleading defects from the Court, plaintiffs should be given one more opportunity to address the defects.