F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 28 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DARLENE F. HOMERE and
GERALD JEAN-BAPTISTE,

      Plaintiffs,

  -against-

INCORPORATED VILLAGE OF HEMPSTEAD,
STEPHANIE VALDER, and MR. LEVY,

      Defendants.

----------------------------------------------------------------X

**ORDER**
17-CV-3173 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

On May 25, 2017, *pro se* plaintiffs Darlene F. Homere and Gerald Jean-Baptiste (collectively "plaintiffs"), filed the complaint in this action against defendants Incorporated Village of Hempstead ("the Village"), Stephanie Valder ("Valder") and Mr. Levy (collectively "defendants"). (Compl., Dkt. No. 1.) Plaintiffs filed an amended complaint on July 7, 2017. (Dkt. No. 18.) On March 22, 2018, this Court adopted Magistrate Judge Tomlinson's report and recommendation, dismissing the first amended complaint. (Dkt. No. 38.) On May 18, 2018, plaintiffs filed their second amended complaint ("SAC"), alleging that the defendants perpetrated a plot to deprive them of residential property. (Dkt. No. 42.) The Village moved to dismiss the SAC on June 4, 2018. (Dkt. No. 43.) On July 6, 2018, Valder moved to dismiss the SAC. (Dkt. No. 46.) By Order dated October 10, 2018, the Court referred defendants' motions to Magistrate Judge Tomlinson for a report and recommendation. (Dkt. No. 54.) On November 16, 2018, plaintiffs filed a motion to amend, requesting to add Jeffrey Falk as a defendant. (Dkt. No.

1

55.) This motion was also referred to Magistrate Judge Tomlinson for a report and recommendation on November 20, 2018. (Dkt No. 56.)

On March 4, 2019, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R"). (Dkt. No. 59.) The R&R recommended that the Court grant defendants' motion to dismiss, and that plaintiff's SAC be dismissed with prejudice, and plaintiff's motion to further amend be denied. (*Id.* at 3.) On March 19, 2019, plaintiffs filed a motion for extension of time to file objections to the R&R. (Dkt. No. 61.) The Court partially granted this motion, extending the time to object to March 28, 2019. (Dkt. No. 62.) Plaintiffs filed their objections to the R&R on March 26, 2019. (Dkt. No. 63.) The Court has fully considered the parties' submissions. For the reasons set forth below, the Court adopts the well-reasoned and thorough R&R in its entirety.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiffs objected to the R&R primarily on two grounds: (1) Judge Tomlinson did not analyze the *pro se* plaintiffs' claims under a sufficiently liberal standard for a *pro se* litigant (Obj. at 2); and (2) the R&R erred because the allegations in the SAC are factually sufficient (*id.* at 6-7). Plaintiffs also object to the R&R's recommendation that the motion to amend be denied. Specifically, plaintiffs assert that the SAC is sufficient to support their claims against defendant Falk. (*Id.* at 8.)

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.

In particular, the Court finds that the R&R applied the proper legal standard to plaintiffs' claims against the Village. First, the Court agrees with the R&R that, construing the allegations to raise the strongest arguments that they suggest, the plaintiffs have failed to plead sufficient facts to plausible assert municipal liability against the Village under Section 1983. (R&R at 24.) Although plaintiffs alleged a broad scheme, they failed to allege that any of the conduct was part of an "officially endorsed policy or practice of the Village." (*Id.* at 24.) Moreover, the Court agrees with the R&R's finding that the allegations "remain inherently conclusory and speculative in nature." (*Id.* at 26.) Second, the Court finds that the R&R applied the proper legal standard

to the underlying causes of action (*i.e.*, after construing plaintiffs' claims to be for: (1) malicious prosecution; (2) malicious abuse of process; (3) violations of double jeopardy; (4) violations of substantive due process; (5) conspiracy; and (6) fraud.) Moreover, analyzing the claims under the applicable standard, the Court agrees that plaintiffs have not "allege[d] facts sufficient to plead [these] underlying causes of action. (*Id.* at 28.) For example, the malicious prosecution and malicious abuse of process claims fail because plaintiffs were, in fact, "found liable for building code violations" (*id.* at 30),[1] and the SAC fails to plausibly allege the second and third elements of an abuse of process claim (*i.e.*, (ii) an intent to do harm without excuse of justification; and (iii) in order to obtain a collateral objective that is outside the legitimate ends of the process.) (*Id.* at 31.) The fact that multiple building code violations existed undercuts the "plausibility of a motivation completely collateral to enforcement of the building code." (*Id.* at 32) (citing *Hoffman v. Town of Southhampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012) *aff'd sub nom. Peter L. Hoffman, Lotte, LLC v. Town of Southampton*, 523 Fed. App'x 770 (2d Cir. 2013)). As to the Double Jeopardy claim, the R&R correctly notes that, with a single reference to "double jeopardy" and the fact that the Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense, plaintiffs failed to plead sufficient facts to plausibly allege such a claim. (R&R at 32.) Regarding the substantive due process claim, the Court agrees with the R&R that plaintiffs do not allege facts "so outrageous, so egregious that it may fairly be said to shock the contemporary conscience." *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007); (R&R at 34). With the conspiracy claim, the Court agrees with the R&R that plaintiffs' allegations, again, are "entirely speculative and conclusory"

---

[1] The Court notes that this is in reference to plaintiffs' claimed "second round" of prosecution and also agrees with the R&R that a claim of malicious prosecution for the "first round" of prosecution fails as the factual allegations are beyond the statute of limitations. (R&R at 31.)

4

– including a critical lack of detail regarding time and place. (*Id.* at 35.) Finally, as to the remaining state law claim for fraud, the Court agrees with the R&R that plaintiffs' claim must fail due to the fact that they did not file a compliant notice of claim with the Village under N.Y. Gen. Mun. Law. §§ 50–e and 50–i. (*Id.* at 40.)

Turning to the claims against Valder and Mr. Levy, the Court also agrees with R&R that such claims are "conclusory and speculative" and, as such, plaintiffs fail to allege facts specific enough to survive dismissal. (*Id.* at 42, 44-45.)

In short, after a *de novo* review of the entire R&R, the Court concludes that Magistrate Judge Tomlinson correctly found that plaintiffs' current allegations do not state plausible claims, and must be dismissed.

Finally, the Court concludes that the R&R applied the proper legal standard to plaintiffs' motion to amend to add an additional defendant, and the Court agrees that plaintiffs' proposed amendment would be futile because adding Jeffrey Falk as a defendant would not cure the underlying speculative and conclusory nature of the complaint. (*Id.* at 48.) Moreover, the "absence of any allegations" relating to Jeffery Falk further support a finding of futility. (*Id.*) In addition, with respect to the other defects identified by the R&R as to the current claims, plaintiffs have been afforded multiple opportunities to plead their claims and have failed to satisfy the most basic pleading requirements. Accordingly, in its discretion, the Court concludes that granting leave to amend the current claims also would be futile.

In reaching these conclusions, the Court has fully considered plaintiff's objections and determines that they do not point to any defects in the analysis or recommendations of the R&R. Specifically, plaintiffs merely restate the conclusory and generalized arguments made in their SAC. For example, plaintiffs state that "Judge Tomlinson erred in concluding that 'it is not

5

plausible that the Village conspired with third parties to prosecute [p]laintiffs for manufactured violations of the Building Code'" because "[w]hen in fact this is what occurred." (Obj. at 7.) Large portions of plaintiffs' objections are merely repeating portions of the SAC to support the argument that they "have provided evidence" to "satisfy the prerequisites." (Obj. at 3-5.)[2] Critically, plaintiffs do not persuasively identify any defects of Magistrate Judge Tomlinson's legal analysis or application. Although plaintiffs state that all the statements in the SAC are "based on logic, common sense and the documentary evidence" (*id*. at 9), plaintiffs provide no additional specific allegations to support their claims. The Court is unable to construe the objections in any way that undermines the well-reasoned and thorough analysis of the R&R. These arguments, which merely recharacterize the allegations in the SAC, were thoroughly and correctly reviewed by Magistrate Judge Tomlinson. As a result, the Court agrees with the R&R and dismisses plaintiff's claims with prejudice.[3]

In light of the foregoing, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

---

[2] *See also* Obj. at 10 ("The next three pages are inserted from the SAC.")
[3] The Court also notes that Magistrate Judge Tomlinson went to significant lengths to read plaintiffs' pleadings as liberally as possible due to their *pro se* status. (*See* R&R at 4.) Magistrate Judge Tomlinson additionally analyzed plaintiffs' factual allegations in order to determine what particular claims plaintiffs were actually asserting. (*See e.g.*, *id*. at 20.)

IT IS HEREBY ORDERED that defendants' motions to dismiss (Dkt. Nos. 43, 46) are granted, and the claims are dismissed with prejudice. IT IS FURTHER ORDERED that plaintiffs' motion to amend (Dkt. No. 55) is denied.

SO ORDERED.

s/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019
Central Islip, NY